OPINION
{¶ 1} Jerrold Bailey appeals from his conviction and sentence in Montgomery County Common Pleas Court on charges of failure to comply with an order or signal of a police officer, involuntary manslaughter, and vehicular assault.
 {¶ 2} Bailey advances four assignments of error on appeal. First, he contends the trial court did not make findings to support the imposition of a maximum sentence for vehicular assault. Second, he argues that he received constitutionally ineffective assistance of counsel. Third, he claims that a guilty plea was not entered knowingly, intelligently, and voluntarily. Fourth, he argues that his decision to "stand on" the guilty plea during his sentencing hearing was not knowing, intelligent, and voluntary.
 {¶ 3} The record reflects that Bailey was arrested after leading police on a high-speed chase in his car, running a stop sign, and colliding with a vehicle driven by an individual named Stephen Whitfield. The accident killed Whitfield and injured his passenger, Shawntell Bernard, who spent several days in the hospital. Following the accident, a grand jury indicted Bailey on one count of aggravated vehicular homicide, one count of involuntary manslaughter, one count of failure to comply with the order or signal of a police officer, and two counts of vehicular assault. Bailey ultimately entered guilty pleas to the failure-to-comply count, the involuntary manslaughter count, and one vehicular assault count. The State nolled the other two charges. The trial court subsequently sentenced Bailey to an aggregate term of eleven years in prison. This timely appeal followed.
 {¶ 4} In his first assignment of error, Bailey argues that the trial court failed to make the necessary findings under R.C. §2929.14(C) to impose a statutory maximum eighteen-month sentence for his vehicular assault conviction. Section 2929.14(C) provides that courts may impose a maximum sentence only on felony offenders who commit the worst forms of the offense, pose the greatest likelihood of committing future crimes, are repeat violent offenders, or are major drug dealers. In Statev. Davis, Clark App. No. 2002-CA-43, 2003-Ohio-4839, we noted that a trial court must make at least one of the findings required by R.C. § 2929.14(C) in order to impose a maximum sentence.
 {¶ 5} In the present case, the trial court never stated that Bailey met one of the foregoing requirements. In fact, the trial court never expressly addressed R.C. § 2929.14(C) at all. According to the State, however, the trial court implicitly found at the sentencing hearing that Bailey had committed the worst form of vehicular assault and that he posed the greatest likelihood of committing future crimes. Concerning the worst form of the offense, the State notes the trial court's observation that Bailey was under the influence of alcohol and that his actions killed Stephen Whitfield. With regard to the likelihood of recidivism, the State notes the trial court's observation that Bailey had served a prior prison sentence and then had violated his parole.
 {¶ 6} Upon review, we cannot agree that the trial court's observations were sufficient to satisfy R.C. § 2929.14(C). Although a court need not use the exact words of the statute, it must make one of the required findings. State v. Shepherd, Montgomery App. No. 19284, 2002-Ohio-6790. On occasion, however, we have determined that a trial court implicitly made a finding required by R.C. § 2929.14(C) where the evidence and the court's remarks were such that "there [could] be no doubt as to the finding intended by the trial court." State v. Parker,
Montgomery App. No. 19486, 2003-Ohio-4326.
 {¶ 7} In the present case, we cannot say the trial court necessarily intended to find that Bailey met one of the conditions described in R.C. § 2929.14(C). Although the trial court's references to Bailey's use of alcohol and his moderate criminal record might support one of the findings required by the statute, they are not, in and of themselves, sufficient for us to conclude that he either committed theworst form of the offense or that he poses the greatest likelihood of recidivism. Similarly, as for the death of Stephen Whitfield, we note that the vehicular assault conviction at issue concerned a different victim, Shawntell Bernard. The fact that Whitfield died does not necessarily establish that Bailey committed the worst form of vehicular assault of Bernard, whose injury is scarcely mentioned by the trial court. As a result, we hold that the trial court failed to make one of the findings required by R.C. § 2929.14(C) prior to imposing a statutory maximum eighteen-month sentence for Bailey's vehicular assault conviction.
 {¶ 8} Ordinarily, a trial court's failure to make a finding mandated by R.C. § 2929.14(C) would require a remand for re-sentencing. In the present case, however, the trial court's failure to make the statutorily required finding is harmless error. The record reflects that the trial court sentenced Bailey to prison terms of eight years for involuntary manslaughter, three years for failure to comply, and eighteen months for vehicular assault. The trial court ordered the involuntary manslaughter and vehicular assault sentences to be served concurrently with each other but consecutive to the failure-to-comply sentence. In light of the eight-year sentence for involuntary manslaughter, the concurrent eighteen-month sentence for vehicular assault is irrelevant as a practical matter. Consequently, Bailey cannot demonstrate any prejudice resulting from the fact that the trial court imposed the eighteen-month sentence without making a finding required by R.C. § 2929.14(C). Cf. State v. Stanishia, Franklin App. No. 01AP-1298, 2002-Ohio-4762 (reasoning that the trial court's failure to make a required finding before imposing consecutive sentences was harmless error where one of the sentences was life without the possibility of parole, rendering the other consecutive sentences irrelevant and, therefore, non-prejudicial); State v. Avery (1998),126 Ohio App.3d 36, 52 (concluding that any error in the imposition of a maximum sentence for robbery was harmless where the sentence for that conviction was to be served concurrently with longer sentences on other charges); State v. Griggs, Trumbull App. No. 2001-T-0064, 2003-Ohio-2365 (Rice, J., dissenting) (reasoning that the appellant was not prejudiced by the trial court's failure to explain the rationale for its maximum sentence on a burglary charge where that sentence was ordered to be served concurrently with a longer sentence for voluntary manslaughter). Accordingly, we overrule Bailey's first assignment of error.
 {¶ 9} In his second assignment of error, Bailey argues that he received ineffective assistance of counsel in connection with his guilty plea to the failure-to-comply charge. Such claims are assessed against the two-part test of Strickland v. Washington (1984), 466 U.S. 668. As stated in State v. Madrigal, 87 Ohio St.3d 378, 388-389, 2000-Ohio-448: "To obtain a reversal of a conviction on the basis of ineffective assistance of counsel, the defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." In the context of a guilty plea, this test requires a defendant to demonstrate "that counsel's performance was deficient and that, but for counsel's deficient performance, he would not have entered a guilty plea." State v. Mushrush
(1999), 135 Ohio App.3d 99, 105; see also Hill v. Lockhart (1985),474 U.S. 52, 59.
 {¶ 10} When evaluating an ineffective assistance of counsel claim, "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, supra, at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." State v. Bradley (1989),42 Ohio St.3d 136, 142. A court must presume that numerous choices, perhaps even disastrous ones, are made on the basis of a tactical decision and do not constitute ineffective assistance of counsel. State v.Carpenter (1996), 116 Ohio App.3d 615, 626, citing Bradley, supra, at 144.
 {¶ 11} In this case, Bailey's primary argument is that his attorney failed to inform him, prior to his guilty pleas, that R.C. §2921.331(D) obligated the trial court to impose a consecutive sentence for a failure-to-comply conviction. In this regard, Bailey notes that the trial court incorrectly stated it could order each of his three sentences to be served consecutively or concurrently, and defense counsel did not correct this misstatement at the plea hearing. Bailey also argues that his attorney provided ineffective assistance by (1) failing to advise him of various factors that the trial court would consider when imposing a sentence, (2) failing to address the facts contained in the State's sentencing memorandum, (3) failing to offer any argument in his favor at sentencing, and (4) failing to delay sentencing to spend a "respectable" amount of time with him to explain the consecutive-sentence requirement for a failure-to-comply conviction.
 {¶ 12} Upon review, we find the foregoing arguments to be unpersuasive. The trial court did fail to inform Bailey, prior to accepting his guilty pleas, that a failure-to-comply conviction in this case required a consecutive sentence. Indeed, as Bailey notes, the trial court misinformed him that it could order each of his three sentences to be served concurrently, and defense counsel did not correct the error. Even if defense counsel provided deficient representation by failing to discuss the issue with Bailey or correct the trial court's misstatement at the plea hearing, however, the record reflects no resulting prejudice.
 {¶ 13} At Bailey's subsequent sentencing hearing, the trial court expressly addressed the issue. After recognizing that R.C. §2921.331(D) required a consecutive sentence on the failure-to-comply conviction, the trial court explained this fact to Bailey, allowed him to confer with his attorney, and gave him an opportunity to withdraw his guilty plea. Bailey repeatedly indicated that he understood the consecutive nature of a sentence on the failure-to-comply charge. He also stated that he wanted to "stand on" his guilty plea and not withdraw it. (Sentencing transcript at 15-21). In light of these facts, we find no prejudice to Bailey as a result of his attorney's earlier failure to inform him that Ohio law required a consecutive sentence.
 {¶ 14} Bailey's remaining arguments are equally unpersuasive. The record before us does not affirmatively demonstrate that defense counsel never advised him of the statutory sentencing factors the trial court was required to consider. Thus, Bailey cannot portray deficient representation on the present record. In any event, he cites no authority for the proposition that an attorney provides constitutionally ineffective assistance by failing to inform a defendant of each specific sentencing factor that a trial court must consider. Contrary to Bailey's other arguments, defense counsel also argued, at some length, that the facts and circumstances of this case warranted leniency in sentencing. (Sentencing transcript at 4-10). Finally, Bailey admits his attorney spent eight minutes at the sentencing hearing explaining that a failure-to-comply conviction required a consecutive sentence. We cannot say that eight minutes was an unreasonably short period of time to explain this concept. We note too that Bailey subsequently expressed his understanding of the issue when the trial court discussed it with him. Accordingly, we find neither deficient representation by counsel nor prejudice to Bailey, and we overrule his second assignment of error.
 {¶ 15} In his third assignment of error, Bailey contends his guilty plea to the failure-to-comply charge was not knowing, intelligent, and voluntary. In support, he stresses the trial court's failure to inform him, at the plea hearing, that a conviction on the failure-to-comply charge (1) required a consecutive sentence and (2) required the trial court to consider certain sentencing factors. We find this argument to be without merit.
 {¶ 16} Ohio Criminal Rule 11(C) does not require a defendant to be told that his sentences may be imposed consecutively. State v. Johnson
(1988), 40 Ohio St.3d 130, syllabus. Similarly, we have found no authority for the proposition that a guilty plea is not knowing, intelligent, and voluntary if a defendant is not told that R.C. §2921.331(D) requires a consecutive sentence on a failure-to-comply conviction. Even if such authority were to exist, however, we would find Bailey's argument unpersuasive. As noted above, the trial court raised this issue at the sentencing hearing, explained the consecutive nature of the sentence on a failure-to-comply conviction, and offered Bailey an opportunity to withdraw his guilty plea. Bailey indicated that he understood and declined to withdraw his plea. Thus, we reject the argument that his guilty plea is infirm based on the trial court's failure to inform him of the mandatory consecutive sentence. Finally, we find no merit in Bailey's argument that the trial court violated Crim.R. 11(C) by failing to inform him of the various factors it was required to consider when selecting a sentence on the failure-to-comply conviction. Bailey cites no relevant authority to support this proposition, and we find his argument unpersuasive. Accordingly, we overrule his third assignment of error.
 {¶ 17} In his fourth assignment of error, Bailey contends his decision to "stand on" his guilty plea to the failure-to-comply charge was not knowing, intelligent, and voluntary. In support, Bailey suggests that his attorney and the trial court failed adequately to explain the consecutive nature of a sentence on a failure-to-comply conviction. We disagree. The trial court explained the concept of a consecutive sentence by stating: "So, in other words, whatever penalty I would impose in that particular case, you would have to serve that and then you would start serving any other sentence that I may impose." Bailey indicated that he understood. The trial court then repeated the concept several times, inquired whether Bailey understood, whether he wanted to confer a second time with his attorney, and whether he wanted to withdraw his guilty plea. Bailey answered that he understood the concept of a consecutive sentence, that he did not want to discuss the issue further with his attorney, and that he did not want to withdraw his plea. (Sentencing transcript at 15-21). In light of these facts, we find no merit in Bailey's argument. Accordingly, we overrule his fourth assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.
Judgment affirmed.
Fain, P.J., and Wolff, J., concur.