JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Cynthia Worthen ("Worthen") appeals from the decision of the Cuyahoga County Court of Common Pleas to sentence her to more than the minimum term of incarceration. For the reasons that follow, we affirm.
 {¶ 2} The following facts give rise to this appeal. On March 21, 2003, a social worker was called to Worthen's house at the request of her mother, also a social worker. The social worker noticed that the two-year-old's arm was burned and instructed Worthen to take the child to the hospital immediately. The following day, Worthen took the child to the Clement Center; however, she did not show the injured arm to the doctor but rather showed the eczema on the child's knees. A cream was prescribed.
 {¶ 3} Later, in April of 2003, the victim's brother began to live with Worthen in her house. On April 15, he noticed that his sister had two black eyes, a distended abdomen, and burn marks on her arms and legs. The family took the child to Rainbow Babies and Children's Hospital, where Worthen gave varying accounts of what caused the injuries to the toddler, including blaming the victim's brother in order to protect co-defendant Jerold James, Worthen's live-in boyfriend. The victim was hospitalized, and the opinion of the doctors was that untreated the child was close to death.
 {¶ 4} While talking with the prosecutor, Worthen later admitted to noticing the burns on March 21 and other injuries thereafter. She said she questioned the co-defendant and learned that an iron had "accidentally" fallen on the child and that the black eyes and other injuries were the result of her falling out of bed and walking into walls. Worthen did not seek help because she was afraid of getting in trouble and losing the children.
 {¶ 5} Worthen, along with the co-defendant, was indicted for eight counts of felonious assault and three counts of endangering children. Worthen pled guilty to one count of endangering children in violation of R.C. 2919.22, a felony of the second degree, which is punishable by two to eight years in prison and/or a fine of up to $15,000. In addition, Worthen pled guilty to two counts of endangering children, both felonies of the third degree and punishable by one to five years in prison, and/or up to a $10,000 fine. On October 21, 2003, the court sentenced Worthen to five years in prison on each count to run concurrent.
 {¶ 6} Worthen appeals this decision of the trial court and advances one assignment of error for our review.
 {¶ 7} "I. The trial court erred in sentencing the appellant to more than the minimum sentence for the offense of Endangering Children, R.C. 2919.22."
 {¶ 8} Worthen argues that the trial court erred by imposing more than the minimum sentence, failing to adequately explain why it was departing from the minimum sentence, and failing to make the requisite findings under R.C. 2929.14(B). In addition, Worthen argues that the trial court failed to consider the mitigating factors and therefore her sentence is disproportionate to sentences imposed on offenders convicted of similar crimes. This assignment of error is without merit.
 {¶ 9} The law is well settled that we will not reverse a trial court on sentencing issues unless the defendant shows by clear and convincing evidence that the trial court has erred.State v. Douse, Cuyahoga App. No. 82008, 2003-Ohio-5238, citing R.C. 2953.08(G)(1).
 {¶ 10} When sentencing an offender, the trial court must consider several aspects of the sentencing statute. First, the overriding purpose of the felony sentencing must be followed, namely, to protect the public from future crimes and to punish the offender. R.C. 2929.11(A). Also, the court must consider the need for "incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id. Finally, the sentence must be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim and must be consistent with sentences imposed for similar crimes committed by similar offenders. R.C.2929.11(B).
 {¶ 11} R.C. 2929.14(B) provides that in imposing a sentence upon a felony offender who has not previously served a prison term, "the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." When determining the seriousness of the offense and the likelihood of recidivism, the trial court should look to the factors in R.C. 2929.12.
 {¶ 12} In the instant case, Worthen had not previously served a prison term; therefore, the trial court was required to impose the shortest prison term unless it made one of the required findings under R.C. 2929.14(B). Contrary to Worthen's assertion, the trial court did make one of the required statutory findings for departing from the minimum sentence and set forth the factors considered while making this determination. The court reviewed the sentencing guidelines and determined that the shortest prison term would demean the seriousness of the offense:
{¶ 13} "The Court would make the following findings, thatclearly the victim's age in this case, exacerbated the injuriesthat she suffered in State's 1 through 6; adequately manifestenormous physical injury, and psychological harm; that this crimewas facilitated by the relationship of the victim and thedefendant in this case.
 {¶ 14} "The Court will take into consideration the genuineremorse indicated through the cooperation of the defendant in theinvestigation of this case. And also reflect that, based on theevidence, that she was not the primary actor, although, it'sreally inexplicable to me why you wouldn't have done something inMarch. I just don't understand it.
 {¶ 15} "You had five weeks, and I don't see any indicationthat you wouldn't have prevented her death.
 {¶ 16} "You might have been afraid of Mr. Jerold, but there isnothing to prevent you from taking steps to protect yourself andyour child.
 {¶ 17} "Based on the foregoing analysis, the Court finds thatthe presumption must remain, and the minimum term would demeanthe extremely serious nature of the offense, * * *."
 {¶ 18} Worthen argues that the trial court did not adequately explain why it was imposing more than the minimum sentence. InState v. Edmonson (1999), 86 Ohio St.3d 324, 326, the Supreme Court of Ohio stated, "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned * * * before it can lawfully impose more than the minimum authorized sentence." In the instant case, the record reflects that the trial court clearly set forth its rationale even though it was not required to do so.
 {¶ 19} Worthen also argues that the court did not take into consideration the mitigating factors. We disagree. It is clear from the record that the court considered Worthen's remorse and cooperation, even though none of the statutory factors which mitigate the seriousness of the offense apply in this case. Clearly the victim did not induce or facilitate the offense. R.C.2929.12(C)(1). The record does not indicate that Worthen acted under strong provocation when committing the offense. R.C.2929.12(C)(2). Worthen should have expected that her inaction and her failure to tell the truth would cause her child further physical harm. R.C. 2929.12(C)(3). Lastly, there are no substantial grounds to mitigate Worthen's conduct. R.C.2929.12(C)(4). Given the facts of this case, we cannot conclude that the record clearly and convincingly demonstrates that the trial court's conclusion that the shortest term would demean the seriousness of the offense was incorrect.
 {¶ 20} Lastly, Worthen argues that her sentence is disproportionate to sentences imposed on offenders convicted of similar crimes.
 {¶ 21} This court stated in State v. Woods, Cuyahoga App. No. 82789, 2004-Ohio-2700, "because the mandate of consistency in sentencing is directed to the trial court, it is the trial court's responsibility to insure consistency among the sentences it imposes." See State v. Lyons, Cuyahoga App. No. 80220, 2002-Ohio-3424. The goal of felony sentencing is to achieve "consistency" not "uniformity." State v. Klepatzki, Cuyahoga App. No. 81676, 2003-Ohio-1529.
 {¶ 22} As stated previously, R.C. 2929.11(B) provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 23} In State v. Woods, Cuyahoga App. No. 82789, 2004-Ohio-2700, this court stated regarding the issue of consistency in sentencing that "[a]lthough a defendant cannot be expected to produce his or her own database to demonstrate the alleged inconsistency, the issue must at least be raised in the trial court and some evidence, however minimal, must be presented to the trial court to provide a starting point for analysis and to preserve the issue for appeal." Quoting State v. Armstrong,
Cuyahoga App. No. 81928, 2003-Ohio-5932.
 {¶ 24} Here, Worthen failed to illustrate, at the trial court level or in her appeal, that similarly situated offenders were sentenced differently than Worthen. Therefore, there is nothing in the record to indicate that the sentence imposed is inconsistent with or disproportionate to sentences that have been imposed on similar offenders who have committed similar offenses.
 {¶ 25} We note for the record that Worthen was sentenced to the maximum term allowed for a third-degree felony without the requisite findings set forth in R.C. 2929.14(C). Ordinarily, a trial court's failure to make a finding mandated by statute would require a remand for resentencing. However, in the instant case, the trial court's failure to make the statutorily required finding is harmless error. The record reflects that the trial court sentenced Worthen to five years in prison for the second-degree felony as well as the two third-degree felonies to run concurrent to each other. In light of the five-year sentence for the second degree felony child endangering, the concurrent five-year sentence for the third degree child endangering is inconsequential as a practical matter. Therefore, Worthen cannot demonstrate any prejudice resulting from the fact that the trial court imposed the maximum sentence without making a finding required by R.C. 2929.14(C). See State v. Bailey, Montgomery App. No. 19736, 2004-Ohio-273 (finding the eighteen-month sentence for vehicular assault is irrelevant in light of the eight-year sentence for involuntary manslaughter); State v.Stanishia, Franklin App. No. 01AP-1298, 2002-Ohio-4762 (reasoning that the trial court's failure to make a required finding before imposing consecutive sentences was harmless error where one of the sentences was life without parole, rendering the consecutive sentences irrelevant and non-prejudicial); State v.Avery (1998), 126 Ohio App.3d 36 (holding that any error in the imposition of a maximum sentence on one charge was harmless when the sentence was to be served concurrent with longer sentences on other charges).
 {¶ 26} Worthen's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and Rocco, J., Concur.