OPINION
{¶ 1} Defendant-appellant Eddie Rednour appeals from his conviction for Aggravated Robbery and Murder, following a guilty plea. Rednour contends that his conviction should be reversed because the trial court failed to properly inform him of his constitutional rights prior to the entry of his guilty plea and because the trial court erred by denying his motion to delay the taking of a deposition of a witness. He also claims that he was denied the effective assistance of counsel.
 {¶ 2} We conclude that the record does not support Rednour's claim that he was not properly informed of his rights prior to entering a plea. We further find nothing to support his claim of ineffective assistance of counsel. Finally, we conclude that the trial court did not abuse its discretion by denying Rednour's request for a continuance of the deposition. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} Rednour was charged by indictment with Aggravated Robbery, Murder, Robbery, Tampering with Evidence and Obstructing Justice. His sister, and accomplice, Kathleen Rednour, was also similarly charged. However, Kathleen entered into plea negotiations with the State, and in consideration of her agreement to testify against her brother she was permitted to plead guilty to Involuntary Manslaughter, with all other charges being dismissed.
 {¶ 4} The State subsequently filed a motion to depose Kathleen Rednour, claiming that the deposition was necessary to preserve her testimony. Rednour requested that the deposition be delayed until after his sister was sentenced. The trial court granted the State's motion, and the deposition was taken prior to Kathleen's sentencing.
 {¶ 5} Subsequently, Rednour entered a guilty plea to the charges of Aggravated Robbery and Murder, and was sentenced accordingly. From his conviction and sentence he now appeals.
 II {¶ 6} Rednour's First Assignment of Error states as follows:
 {¶ 7} "The trial court erred in failing to properly inform appellant of his rights with respect to his plea agreement, rendering his plea involuntary, uninformed, unintelligent, and invalid."
 {¶ 8} Rednour contends that the record demonstrates that his guilty plea was not made voluntarily or intelligently. Therefore he claims that the trial court erred by accepting his plea.
 {¶ 9} Crim.R. 11(C)(2) states in pertinent part:
 {¶ 10} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and doing all of the following:
 {¶ 11} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and the maximum penalty involved * * *
 {¶ 12} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 13} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself."
 {¶ 14} During the plea hearing, the trial court determined that Rednour has a twelfth-grade education and is able to read and write. The trial court asked Rednour whether he understood the nature of the charges against him and whether he understood the terms of the proposed plea agreement. Rednour indicated that he did. He also stated that he was entering the plea voluntarily and of his own free will and that he had not been threatened or forced to enter the plea. Rednour further stated that no one had made any promises to induce him to enter the plea.
 {¶ 15} The trial court explained the charges against Rednour, as well as the possible punishments. The trial court further explained that by entering a plea of guilty, Rednour was giving up certain constitutional rights, including the right to trial by jury and to confront witnesses. Rednour indicated that he understood everything the trial court had said, and then proceeded to sign the plea form.
 {¶ 16} Rednour contends that the trial court erred in its recitation of his constitutional rights. Specifically, he cites to the following passage in the written transcript of the plea hearing, submitted pursuant to App. R. 9(A), wherein the trial court purportedly stated:
 {¶ 17} "In addition, if this matter would go to trial, no one could force you to take the witness stand or testify against yourself and absolutely could comment on your failure to testify."
 {¶ 18} Rednour contends that this mis-statement "eviscerated the impact and meaning of that right and chilled the influence it would otherwise have had on his decision to enter a plea * * * [thereby rendering] his plea unknowing, involuntary, and unintelligent."
 {¶ 19} There is a videotape recording of the plea hearing in this case, and, pursuant to App. R. 9(A), it constitutes the official transcript of the proceedings. We have played that portion of the videotape corresponding to the section of the written transcript quoted above. The trial court clearly stated that "absolutely no one could comment" on Rednour's failure to testify. Indeed, the person who prepared the written transcription of the videotape has filed an affidavit with this court averring that the written transcript is incorrect.
 {¶ 20} We conclude that the trial court conducted a proper Crim.R. 11 inquiry before accepting Rednour's plea. Based upon the record before us, we conclude that the trial court did not err in finding that Rednour's guilty plea was made freely and voluntarily. We further find no error in the trial court's recitation of Rednour's constitutional rights. Accordingly, Renour's First Assignment of Error is overruled.
 III {¶ 21} Rednour's Second Assignment of Error is as follows:
 {¶ 22} "Appellant was deprived of his constitutionally guaranteed right to effective assistance of counsel."
 {¶ 23} Rednour contends that he was denied the effective assistance of counsel. Specifically, he contends that defense counsel was ineffective because he was unprepared for the deposition of Rednour's sister and because he failed to object to the trial court's mis-statement of his constitutional rights during the plea hearing.
 {¶ 24} In order to establish ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that prejudice occurred due to the deficiency. Strickland v. Washington
(1984), 466 U.S. 668. "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." State v. Bradley
(1989), 42 Ohio St.3d 136, at paragraph two of the syllabus. "In the context of a guilty plea, this test requires a defendant to demonstrate `that counsel's performance was deficient and that, but for counsel's deficient performance, he would not have entered a guilty plea." Statev. Bailey, Montgomery App. No. 19736, 2004-Ohio-273, ¶ 9, citations omitted.
 {¶ 25} As stated in Part II, above, the record demonstrates that the trial court did not err in its recitation of Rednour's rights during the plea hearing. Therefore, counsel was not ineffective for failing to object.
 {¶ 26} We thus focus on Rednour's contention that counsel was not prepared for the deposition of Kathleen Rednour. This claim centers upon passages excerpted from the transcript of the deposition wherein defense counsel indicated that he did not know the reason for the taking of the deposition. We note that counsel did indicate that he did not understand why the State was taking the deposition. Indeed, we are not entirely clear as to the purpose for conducting the deposition. The State indicated in its motion that the deposition was necessary to preserve the testimony of Kathleen Rednour. However, the State failed to provide an explanation for the necessity of preserving Kathleen's testimony. The State indicated that it intended to present Kathleen Rednour live at trial, and nothing in the record demonstrates that she would not be available for trial. Therefore, we cannot say that defense counsel was ineffective when he made the statement that he was not sure of the reason for taking the deposition.
 {¶ 27} Furthermore, we have reviewed the entire deposition transcript and note that defense counsel was able to conduct a cross-examination of Kathleen Rednour at her deposition. Additionally, counsel clearly noted, on the deposition record, that he did not waive his right to cross-examine Kathleen at trial.
 {¶ 28} We cannot find support, on this record, that defense counsel was ineffective. Moreover, we cannot say that anything in the record regarding the taking of Kathleen Rednour's deposition indicates that Rednour's decision to plead guilty was not knowing and voluntary. Therefore, the Second Assignment of Error is overruled.
 IV {¶ 29} Rednour's Third Assignment of Error provides:
 {¶ 30} "The trial court erred in failing to continue the deposition of kathleen rednour at defense counsel's request."
 {¶ 31} Rednour contends that the trial court should have granted his request to postpone the deposition of Kathleen Rednour. He claims that the deposition should have been continued until after Kathleen's sentencing, in order to insure that she was not motivated to testify against him by the thought of gaining a more lenient sentence.
 {¶ 32} We find no merit in this argument. Had this matter proceeded to jury trial, the jury could have been informed of any inducement to testify favorably for the State, and Rednour could have argued to the jury that his sister's credibility should be weighed in light of the pending sentencing hearing hanging over her head. Conversely, had the deposition been postponed until after his sister's sentencing, the State might have argued that she would have then had less incentive to testify fully and truthfully concerning her brother's role in this killing. We cannot say that the trial court abused its discretion by denying Rednour's motion for a continuance of the deposition.
 {¶ 33} The Third Assignment of Error is overruled.
 V {¶ 34} Rednour's Assignments of Error being overruled, the judgment of the trial court is affirmed.
Wolff, and Donovan, JJ., concur.