JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Julio Patron appeals from the sentence imposed upon him after he entered a guilty plea to a third-degree felony charge of endangering children.
 {¶ 2} Patron asserts that in imposing a sentence of two years for his conviction, the trial court failed to comply with statutory requirements. Patron further asserts the trial court denied him his constitutional right to trial by jury by failing to take into account during his sentencing the applicability of the United States Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. ___,124 S.Ct. 2531.
 {¶ 3} Following a review of the record, this court disagrees with Patron's assertions. The sentence imposed upon him is in accordance with law; therefore, it is affirmed.
 {¶ 4} Patron originally was indicted in this case on seven felony counts that pertained to a single three-year old victim. The first five counts alleged he and his female co-defendant, the victim's mother, had violated several sections of R.C. 2919.22, Endangering children. The remaining two counts charged Patron, alone, with felonious assault, R.C.2903.11.
 {¶ 5} After several months of discovery and pretrial hearings, Patron entered into a plea agreement with the state whereby, in exchange for the dismissal of six of the counts, he would enter a plea of guilty to one amended count of child endangerment.[1] The amendment caused the charge to be reduced from a second-degree felony to a felony of the third degree.[2]
 {¶ 6} The trial court conducted a hearing on the agreement. When the court discussed the potential penalties involved, Patron indicated he understood that in entering his plea of guilty to the charge, there was neither a "presumption of prison" time nor a "presumption of [placement on] community control;" rather, the trial court would consider "all the facts and circumstances" in choosing the appropriate sentence. The court conducted a careful colloquy with Patron before accepting his plea.
 {¶ 7} Following the preparation of a presentence report, the trial court called the case for sentencing.[3] The court listened to the comments of the prosecutor, defense counsel, and Patron, then indicated it had reviewed the presentence report in conjunction with the statutory factors.
 {¶ 8} In Patron's case, the court found recidivism was "likely." To justify this finding, it referred to his "history of criminal convictions, both juvenile and adult," which included crimes of a physical nature against others, his failure to respond favorably to sanctions previously imposed, and the lack of any applicable factors indicating recidivism was less likely.
 {¶ 9} The trial court also considered Patron's case to meet several of the factors that indicated the crime was of a "serious" nature. In support of this finding, the trial court referred to several photographs of the victim's injuries which it marked as a "court exhibit,"[4] the victim's young age, and the victim's status as a member of Patron's household.
 {¶ 10} The trial court thereupon sentenced Patron to a term of incarceration of two years, with the statement that although it had considered the minimum, such a term "would demean the seriousness of this offense." The child's injuries, as depicted in the photographs, displayed a "culpability here that deserve[d] prison," in view of the fact that Patron had "been in prison before."
 {¶ 11} The trial court further stated on the record that the term was to be served "consecutive to any other term" which Patron was serving, because this was "necessary to protect the public and punish the offender," not "disproportionate to his conduct," and his "criminal history show[ed] consecutive terms [were] needed" and the photographs of the victim's injuries demonstrated "a single term [did] not adequately reflect the seriousness of his conduct." The journal entry of Patron's sentence, however, contains no reference to either any other case or a "consecutive" sentence.
 {¶ 12} Patron presents the following two assignments of error for review:
 {¶ 13} "I. The sentence imposed by the trial court is contrary to Ohio sentencing law.
 {¶ 14} "II. The sentence imposed by the trial court violates appellant's Sixth Amendment right to a trial by jury."
 {¶ 15} Patron argues in his first assignment of error that the trial court did not comply with the applicable Ohio sentencing statutes in choosing to impose more than the minimum term in this case. He asserts the record supports instead either a community control sanction or, at most, a sentence to be served concurrently with his other conviction. This court disagrees with Patron's argument.
 {¶ 16} Initially, a premise upon which Patron relies for his argument must be addressed, since it is false. R.C. 2929.41 authorizes a trial court to impose a sentence consecutively "with any other term of imprisonment imposed by a court of this state" if the sentence comports with R.C. 2929.14(E). Nevertheless, despite the trial court's comments during Patron's sentencing hearing, as noted above the journal entry of sentence in this case does not refer to any "consecutive" sentence. Therefore, this portion of Patron's argument need not be considered.
 {¶ 17} The record in this case, moreover, demonstrates the trial court fully complied with R.C. 2929.13 and R.C. 2929.14(B). In deciding to impose a prison term that was more than the minimum, the court addressed the likelihood of Patron's recidivism, specifically found that Patron previously had served a prison term, and specifically found one "of the two statutorily-sanctioned reasons" warranted that decision, viz., a minimum term would "demean the seriousness of" Patron's conduct. Statev. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110. The trial court is not required to give further explanation for its decision. Id.; see also,State v. Comer, 99 Ohio St.3d 464, 2003-Ohio-4165; State v. Coleman,
Cuyahoga App. No. 82394, 2004-Ohio-234, ¶ 24.
 {¶ 18} Citing R.C. 2929.11(B), Patron also contends that the trial court imposed a term that was disproportionately lengthy. This court has held, however, that the trial court need only make comments that reflect it "considered that aspect of the statutory purpose in fashioning the appropriate sentence." State v. Fortson, Cuyahoga App. No. 82231, 2003-Ohio-2753, ¶ 16, citing State v. Edmonson, supra.
 {¶ 19} Nothing in the record supports a conclusion the trial court failed to engage in the analysis. The court mentioned Patron's prior experience with the criminal justice system, which should have given him a reason to be cautious in his actions, and the indications the victim's injuries were significant. Under the circumstances, Patron's sentence cannot be deemed disproportionate. State v. Worthen, Cuyahoga App. No. 83816, 2004-Ohio-5970.
 {¶ 20} Patron's second assignment of error asserts his sentence contravenes Blakely v. Washington, supra. He argues Blakely prohibits the trial judge from making any of the factual findings that are required to impose more than the minimum term for his commission of a third-degree felony. Patron's assertion is rejected for the following reasons.
 {¶ 21} First, even though Blakely had been decided prior to Patron's sentencing hearing, Patron never raised the constitutionality of the sentencing statutes on any ground as an issue below. State v. Barnette,
Mahoning App. No. 02 CA 65, 2004-Ohio-7211.
 {¶ 22} Second, Blakely is not implicated in this case. In determining the appropriate sentence was two years, the trial court relied upon Patron's previously-served prison term. This court has observed that, under Blakely, "* * * the maximum sentence that the law allows the court to impose on offenders who have not served prison time is the shortest term." State v. Mason, Cuyahoga App. No. 84061, 2004-Ohio-5388, ¶ 15. Thus, due to Patron's status as an offender who previously served a prison term, the maximum penalty in this case for Blakely purposes was five years. See also, this court's opinion issued en banc, State v.Atkins-Boozer (May 31, 2005), Cuyahoga App. No. 84151.
 {¶ 23} The trial court imposed in this case a lawful sentence which is clearly and convincingly supported in the record. R.C. 2953.08(G).
 {¶ 24} Accordingly, Patron's assignments of error are overruled.
Affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. and Kilbane, J. Concur.
[1] R.C. 2919.22(B)(4), with the language that appellant's conduct "resulted in serious physical harm" to the victim deleted.
[2] R.C. 2919.22(E)(3).
[3] Appellant's case was called for sentencing on June 28, 2004, four days after the decision in Blakely, supra, was released.
[4] Despite the mandate of App.R. 9(A), these photographs were not included in the record on appeal.