{¶ 23} I respectfully dissent from the majority opinion and would affirm the sentence.
 {¶ 24} In imposing the five-year sentence, the trial court found on the record that the minimum sentence would demean the seriousness of the offense. Although not required to do so, the trial court supported its finding with its reasons, citing the nature of the crime, the impact it had on the community, and noting that the offense resulted in the death of a young woman. Therefore, the trial court fully complied with the requirements of R.C. 2929.14(B).
 {¶ 25} Although Smith argues that the court did not consider any mitigating factors, I disagree. It is clear from the record that the court considered Smith's remorse and her lack of prior juvenile adjudications, and that the offense was not likely to reoccur. However, these factors apply to the likelihood of committing future crimes, not to whether the sentence demeans the seriousness of the offense, which was the finding the court made to justify imposing more than the minimum sentence.
 {¶ 26} None of the factors of R.C. 2929.12(C), which mitigate the seriousness of the offender's conduct, apply in the instant case. Clearly, the victim did not induce nor facilitate the offense. R.C. 2929.12(C)(1). The record also indicates that Smith did not act under provocation when committing the offense. R.C.2929.12(C)(2). Although Smith did not intentionally cause the victim's death, she should have expected that her driving under the influence of alcohol could cause serious harm to another person. R.C. 2929.12(C)(3). Moreover, there are no substantial grounds to mitigate Smith's conduct. R.C. 2929.12(C)(4). See,State v. Worthen, Cuyahoga App. No. 83816, 2004-Ohio-5970.
 {¶ 27} Therefore, I would affirm the trial court's sentence. The record clearly demonstrates that the court's conclusion that the shortest prison term would demean the seriousness of the offense was neither contrary to law nor unsupported by the record.
 {¶ 28} Furthermore, Smith has not alleged any error regarding her plea or the court's failure to explain post-release control. Therefore, I would address only the assignments of error raised by counsel.