JOURNAL ENTRY and OPINION
{¶ 1} Appellant Mark Robinson appeals from his sentence and contends his counsel was ineffective. He assigns the following errors for our review:
"I. THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM AVAILABLE TERM OFINCARCERATION WITHOUT MAKING THE REQUIRED FACTUAL FINDING."
 "II. THE APPELLANT HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESSOF LAW AND OF HIS CONSTITUTIONAL RIGHT TO A TRIAL BY JURY BY THE MAXIMUMSENTENCE IMPOSED ON HIM, FOR THE REASON THAT A JURY DID NOT FIND THEFACTS WHICH SUPPORTED THE IMPOSITION OF A MAXIMUM SENTENCE."
 "III. THE TRIAL COURT ERRED IN SENTENCING MR. ROBINSON TO A TERM OFINCARCERATION BEYOND THE MINIMUM WHERE MR. ROBINSON DID NOT ADMIT TOSERVING A PRIOR TERM OF INCARCERATION AND THE FACT WAS NOT FOUND BEYOND AREASONABLE DOUBT BY A JURY."
 "IV. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO SEEK SEVERANCE OF THECOUNTS THAT RELATED TO DIFFERENT COMPLAINING WITNESSES."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Robinson's conviction. The apposite facts follow.
 {¶ 3} The Cuyahoga County Grand Jury indicted Robinson for two counts of drug possession, four counts of drug trafficking, and one count of possession of criminal tools.
 {¶ 4} On October 13, 2004, a jury trial commenced. Paul Blake testified that he worked as a confidential informant in order to reduce his own charges. Blake informed the police about Robinson's involvement in selling drugs and agreed to wear a wire and engage in drug transactions with Robinson.
 {¶ 5} While under police supervision, Blake paged Robinson and asked for a certain quantity of crack cocaine. The transaction was then completed at a bar called the Auto Mile Inn located in Bedford. Blake engaged in two transactions with Robinson. He purchased 2.41 grams of crack cocaine on February 5, 2004; on February 16, 2004, he purchased 1.94 grams. Tape and video recordings of the drug sales were entered into evidence.
 {¶ 6} Robinson was arrested in March 2004, based on a warrant that was issued for his arrest. During his arrest, the police recovered a pager and cellular phone.
 {¶ 7} The jury found Robinson guilty of all counts. On October 22, 2004, the trial court sentenced Robinson to one year on each count to be served concurrently.
 MAXIMUM SENTENCE {¶ 8} In his first assigned error, Robinson argues the trial court.
 {¶ 9} erred by imposing the maximum sentence for possession of criminal tools, without making the required findings pursuant to R.C.2929.14(C). Possession of criminal tools is a fifth degree felony, which has a maximum term of one year pursuant to R.C. 2929.14(A)(5).
 {¶ 10} The State concedes, and our review of the record indicates, that in regards to the possession of criminal tools count, the trial court sentenced Robinson to the maximum term allowed for a fifth degree felony without making the requisite finding set forth in R.C. 2929.14(C). Ordinarily, a trial court's failure to make a finding mandated by statute would require a remand for resentencing. However, in the instant case, the trial court's failure to make the statutorily required finding is harmless error.
 {¶ 11} The record reflects that the trial court sentenced Robinson to one year in prison for possession of criminal tools, a fifth degree felony, as well as for the drug trafficking and drug possession counts, which are fourth degree felonies. These terms were run concurrent to each other. Because Robinson received a one-year sentence on all counts, which were to run concurrent to each other, the one-year sentence for the fifth degree possession of criminal tools is inconsequential as a practical matter. Therefore, Robinson cannot demonstrate any prejudice resulting from the fact that the trial court imposed the maximum sentence without making a finding required by R.C. 2929.14(C).[1] Accordingly, Robinson's first assigned error is overruled.
 BLAKELY {¶ 12} In his second and third assigned errors, Robinson argues the trial court's imposition of the maximum sentence for criminal possession of tools and the non minimum sentence for all of the counts violates the United States Supreme Court's opinion in Blakely v. Washington.[2]
 {¶ 13} The argument that the trial court's imposition of the maximum sentence violates Blakely was addressed in this court's en banc decision of State v. Lett.[3] In Lett, we held that R.C. 2929.14(C), which governs the imposition of sentences, does not implicate the Sixth Amendment as construed in Blakely. Accordingly, in conformity with that opinion, we reject Robinson's contention that the trial court's imposition of the maximum sentence for criminal possession of tools violatesBlakely.
 {¶ 14} Robinson's argument that the trial court's non minimum sentence violates Blakely was addressed in this court's en banc decision of Statev. Atkins-Boozer.[4] In Atkins-Boozer, we held that R.C. 2929.14(B), which governs the imposition of non minimum sentences, does not implicate the Sixth Amendment as construed in Blakely. Therefore, we reject Robinson's argument that his non minimum sentence violates Blakely.
 {¶ 15} Moreover, the record indicated that Robinson has served a prior prison term. Therefore, the trial court's imposition of a non minimum sentence was proper. Accordingly, Robinson's second and third assigned errors are overruled.
 INEFFECTIVE ASSISTANCE OF COUNSEL {¶ 16} In his fourth assigned error, Robinson argues that counsel was ineffective for failing to seek severance of the offenses, which occurred on different dates. He contends severing the counts would have relieved the danger that the jury would find him guilty of some of the counts based on evidence relating to the other counts.
 {¶ 17} This court reviews a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington.[5] UnderStrickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance.[6] To show prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different.[7] Judicial scrutiny of a lawyer's performance must be highly deferential.[8]
 {¶ 18} Pursuant to Crim.R. 8(A), joinder of multiple offenses is permitted when the charged offenses are "of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct." Crim.R. 14 provides that if it appears prejudice will result from joinder, the court shall order election or separate trials, grant severance, or other relief. The Supreme Court has stated that in determining whether the defendant suffered prejudice from joinder, the reviewing court must ask: whether evidence of the other crime would have been admissible even if severed, and if not, whether evidence of each is so simple and distinct that the jury could clearly segregate the evidence.[9]
 {¶ 19} According to the Ohio Supreme Court, joinder is to be liberally permitted.[10] "The law favors joinder for public policy reasons, such as: to conserve judicial economy and prosecutorial time; to conserve public funds by avoiding duplication inherent in multiple trials; to diminish the inconvenience to public authorities and witnesses; to promptly bring to trial those accused of a crime; and to minimize the possibility of incongruous results that can occur in successive trials before different juries."[11]
 {¶ 20} This case involves two transactions on different dates; however, the same parties were involved, and the sales took place only eleven days apart and occurred in the same location. Although Robinson contends there were twenty-three counts tried together, he is mistaken. Only seven counts were tried together. The evidence was direct and not confusing. Therefore, counsel was not ineffective for failing to move to sever the counts, because the case involved very "simple and distinct" evidence.[12]
 {¶ 21} Moreover, there is nothing in the record before us that suggests that Robinson was prejudiced by joining the charges in one trial. Robinson simply asserts that severed trials would have relieved the danger that the jury would find him guilty of some of the counts based on evidence relating to other counts. Robinson relies on State v.Schaim[13] to support his argument. We conclude Schaim is distinguishable.
 {¶ 22} In Schaim, the Ohio Supreme Court found the trial court erred by not severing the counts because trying the defendant's rape of his daughter with that of his committing gross sexual imposition of a co-worker, would allow the jury to consider "other act" evidence, which otherwise would have been inadmissible, and which could have affected the jury's determination regarding intent and credibility.
 {¶ 23} In the instant case, there was sufficient evidence to convict Robinson regarding both drug transactions without necessitating the evidence of one transaction to prove the other. They were also part of a common scheme by Robinson to sell drugs. The testimony by the confidential informant, along with the video and audio tapes, provided overwhelming evidence of Robinson's guilt regarding both transactions. Therefore, there is no evidence that prejudice occurred by joining the offenses for trial, unlike in Schaim. Accordingly, Robinson's fourth assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebreeze, Jr., J., and Anthony O. Calabrese, Jr., J.,Concur.
[1] See State v. Worthen, Cuyahoga Dist. No. 83816, 2004-Ohio-5970
(sentence to maximum without making required findings was harmless error when concurrent sentence would remain unchanged by lesser sentence);State v. Bailey, Montgomery App. No. 19736, 2004-Ohio-273 (finding the eighteen-month sentence for vehicular assault is irrelevant in light of the eight-year sentence for involuntary manslaughter); State v.Stanishia, Franklin App. No. 01AP-1298, 2002-Ohio-4762 (reasoning that the trial court's failure to make a required finding before imposing consecutive sentences was harmless error where one of the sentences was life without parole, rendering the consecutive sentences irrelevant and non-prejudicial); State v. Avery (1998), 126 Ohio App.3d 36 (holding that any error in the imposition of a maximum sentence on one charge was harmless when the sentence was to be served concurrent with longer sentences on other charges).
[2] (2004), 542 U.S. 296, 124 S.Ct. 2531.
[3] 161 Ohio App.3d 274, 2005-Ohio-2665.
[4] (May 31, 2005), Cuyahoga App. No. 84151, 2005-Ohio-2666.
[5] (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052.
[6] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph one of syllabus.
[7] Id. at paragraph two of syllabus.
[8] State v. Sallie (1998), 81 Ohio St.3d 673, 674.
[9] State v. Schaim (1992), 65 Ohio St.3d 51, 59, 1992-Ohio-31; Statev. Hamblin (1988), 37 Ohio St.3d 153, 158-159; State v. Roberts (1980),62 Ohio St.2d 170.
[10] State v. Schaim, supra.
[11] State v. Schaim, supra. at 59. Dunkins (1983), 10 Ohio App.3d 72, paragraph one of syllabus.
[12] Schaim, supra at 59.
[13] Id.