[Cite as *State v. Brown*, 2012-Ohio-199.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

       Plaintiff-Appellee       :

vs.                              :

DAVID D. BROWN                   :

       Defendant-Appellant      :

C.A. CASE NOS. 24520
           24705

T.C. CASE NO. 2010-CR-3205

(Criminal Appeal from
  Common Pleas Court)

. . . . . . . .

**O P I N I O N**

Rendered on the 20th day of January, 2012.

. . . . . . . .

Timothy J. Cole, Assistant Prosecuting Attorney, Atty. Reg. No. 0084117, P.O. Box 972, 301 West Third Street, Dayton, OH 45422
    Attorney for Plaintiff-Appellee

Scott N. Blauvelt, Atty. Reg. No. 0068177, 246 High Street, Hamilton, OH 45011
    Attorney for Defendant-Appellant

. . . . . . . .

GRADY, P.J.:

{¶ 1} This appeal consolidates the issues in two separate appeals filed by Defendant David D. Brown.

{¶ 2} Defendant entered a plea of guilty to unlawful sexual conduct with a minor, R.C. 2907.04(A). Defendant also executed

a form waiving his right to trial and acknowledging his guilty plea. Defendant was sentenced pursuant to law. A judgment of conviction was journalized on February 11, 2011.

{¶ 3} On February 17, 2011, Defendant filed a pro se motion to withdraw his guilty plea. The motion states, in pertinent part: "I would like to take my charge to trial and be appointed a new public defender so that I may have the opportunity to a fair trail [sic] in an effort to prove that my charge is inaccurate." (Dkt. 20.)

{¶ 4} The trial court had not ruled on his motion to withdraw his guilty plea when, on March 7, 2011, Defendant filed a notice of appeal from the February 11, 2007 judgment of conviction. That appeal was docketed as Case No. 24520.

{¶ 5} Defendant filed a motion in Case No. 24520, asking that it be remanded for the limited purpose of allowing the trial court to rule on his motion to withdraw his guilty plea. Defendant's motion was granted.

{¶ 6} The trial court held a hearing to determine Defendant's motion to withdraw his plea. Defendant argued that he is innocent of the charge to which he pled guilty and, when he entered his plea, believed he would be given probation instead of the five-year prison term the court had imposed.

{¶ 7} The trial court overruled Defendant's motion to withdraw

his guilty plea on May 25, 2011. Defendant filed a notice of appeal form that final order, which was docketed as Case No. 24705.

{¶ 8} Case Nos. 24520 and 24705 have been consolidated for purposes of our appellate review.

FIRST ASSIGNMENT OF ERROR

{¶ 9} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT DAVID D. BROWN IN ACCEPTING A GUILTY PLEA THAT WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY."

{¶ 10} Before the court accepted Defendant's guilty plea, the court advised Defendant that "the court could also sentence you to a prison term of one, two, three, four, or five years, plus a mandatory period of post-release control for a period of five years." (Tr. 5.) When the court asked Defendant whether he understood that and other potential punishments the court had explained, Defendant responded: "Yes, ma'am." (Tr. 6.)

{¶ 11} The "Waivers and Plea" form Defendant executed contains a blank space regarding any mandatory postrelease control that will be imposed for the particular offense or offenses concerned. In the form Defendant signed (Dkt. 13), the numeral "3" was inserted to indicate the number of years of mandatory postrelease control to which Defendant would be subject. At the outset of the plea hearing, when the court asked Defendant whether he was "able to read and understand that plea form," Defendant replied:

"Yes, ma'am."   (Tr. 4.)

{¶ 12} Defendant contends that the variance between the five years of postrelease control which the court pronounced, which was correct, and the three years of postrelease control stated in the "Waivers and Plea" form he signed is a defect that prevents his plea of guilty to unlawful sexual conduct with a minor from being knowing, intelligent, and voluntary.

{¶ 13} In determining whether to accept a guilty plea, the trial court must determine whether the defendant knowingly, intelligently, and voluntarily entered the plea.  *State v. Johnson* (1988), 40 Ohio St.3d 130, at syllabus.  If a defendant's guilty plea is not knowing and voluntary, it has been obtained in violation of due process and is void.  *Boykin v. Alabama* (1969), 395 U.S. 238, 243, 89 S.Ct. 1709.  In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C).

{¶ 14} Crim.R. 11(C)(2) provides:

{¶ 15} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶ 16} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and

of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 17} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 18} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶ 19} The constitutional rights that are waived by a defendant's plea of guilty or no contest are the right to confront his accusers, the privilege against self-incrimination, and the right to a jury trial. *State v. Ballard* (1981), 66 Ohio St.2d 473. In *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, at ¶31-32, the Supreme Court explained the effects of failing to comply with Crim.R. 11(C):

{¶ 20} "When a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no-contest

plea is invalid 'under a presumption that it was entered involuntarily and unknowingly.' *Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12; see also *Nero*, 56 Ohio St.3d at 107, 564 N.E.2d 474, citing *Boykin*, 395 U.S. at 242–243, 89 S.Ct. 1709, 23 L.Ed.2d 274. However, if the trial judge imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies. Id. Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld. *Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474.

{¶ 21} "When the trial judge does not *substantially* comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. See *Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 93, 5 O.O.3d 52, 364 N.E.2d 1163, and Crim.R. 52(A); see also *Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 23.

The test for prejudice is 'whether the plea would have otherwise been made.'  *Nero* at 108, 564 N.E.2d 474, citing *Stewart*, id. If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated.  See *Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d, 1224, paragraph two of the syllabus. 'A complete failure to comply with the rule does not implicate an analysis of prejudice.'  Id. at ¶ 22."

{¶ 22} The facts of the present case constitute a situation in which the trial court partially complied with Crim.R. 11 with regard to a nonconstitutional right.  *Clark*.  It is undisputed that the trial court correctly notified Defendant of the mandatory, five-year period of post-release control during the plea colloquy.  What the trial court failed to do, however, is reconcile its correct verbal pronouncement with the erroneous three-year period of post-release control stated on the plea form.

{¶ 23} The plea form used by the trial court is not mandated by Crim.R. 11 or the statutes governing post-release control. While the error contained on the form cannot be ignored, we believe that the trial court's correct oral explanation of the five-year period of post-release control during the plea colloquy makes this situation one of partial compliance with Crim.R. 11 with regard to a nonconstitutional right rather than one of complete failure

to comply with Crim.R. 11 regarding that right. Therefore, in order to succeed on his claim that his plea was not voluntary, knowing, and intelligent, Defendant must demonstrate that he was prejudiced by the trial court's failure to correct the misinformation on the plea form. *Clark.*

{¶ 24} Defendant has at no time claimed that he would not have otherwise pled guilty if he had been made fully aware that the three-year period of post-release control noted on the plea form was incorrect. Therefore, Defendant has not shown that he was prejudiced by the trial court's failure to reconcile the plea form with the plea colloquy. *Clark*; *Nero*.

{¶ 25} The first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

{¶ 26} "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA."

{¶ 27} Defendant argues that the trial court erred in denying his motion to withdraw his guilty plea when his guilty plea was not knowing and voluntary, because the plea form noted a mandatory three-year period of post-release control that was less than the mandatory five-year period of post-release control to which he was subject and ultimately sentenced. Defendant concedes that he failed to raise this error in the trial court. The grounds

for his motion to withdraw his guilty plea were, instead, that he was innocent.

{¶ 28} "An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Williams* (1977), 51 Ohio St.2d 112, paragraph one of the syllabus. Defendant forfeited all but plain error by failing to raise this argument before the trial court. *State v. Payne*, 114 Ohio St.3d 502, 873 N.E.2d 306, 2007-Ohio-4642, at ¶23.

{¶ 29} Rule 52(B) of the Ohio Rules of Criminal Procedure permits appellate courts to take notice of plain errors, but such notice is to be taken "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978). Based on our review of the record, we conclude Defendant has not established the necessary exceptional circumstances and manifest miscarriage of justice.

{¶ 30} The second assignment of error is overruled.

## THIRD ASSIGNMENT OF ERROR

{¶ 31} "APPELLANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL PURSUANT TO THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

{¶ 32} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must affirmatively demonstrate to a reasonable probability that were it not for counsel's errors, the result of the trial would have been different. Id.; *State v. Bradley* (1989), 42 Ohio St.3d 136. Further, the threshold inquiry should be whether a defendant was prejudiced, not whether counsel's performance was deficient. *Strickland*.

{¶ 33} As explained above, Defendant has failed to show that he was prejudiced by the trial court's failure to correct the error on the plea form regarding the applicable period of mandatory post-release control. Similarly, Defendant has failed to show that he was prejudiced by his trial counsel's failure to raise the inconsistency to the trial court. Defendant nowhere alleged that he would not otherwise have pled guilty had the plea form stated a mandatory five-year period of post-release control rather than a three-year period, or had his attorney or the trial court brought the mistake to Defendant's attention prior to his entry of a guilty plea.

{¶ 34} Defendant argues that the trial court would have granted his motion to withdraw his guilty plea had Defendant's trial counsel raised the error in the plea form at the May 20, 2011, hearing on his motion. As explained in our discussion of the first assignment of error, however, the inconsistency between the plea form and the plea colloquy in this case would not have required the trial court to grant Defendant's motion to withdraw his guilty plea. *Clark*, 2008-Ohio-3748, at ¶31-32.

{¶ 35} Defendant also argues that his trial counsel's failure to raise this error at the hearing on his motion to withdraw his guilty plea prejudiced him at the appellate level by causing his second assignment of error to be judged under a stricter, plain error standard.

{¶ 36} Defendant did not file his motion to withdraw his guilty plea until after he was sentenced. Consequently, the trial court was not required to grant the motion unless Defendant could show that the motion should be granted to correct a manifest injustice. Crim.R. 32.1. Defendant has failed to show a manifest injustice.

{¶ 37} Without a showing of prejudice resulting from deficiencies on the part of his trial counsel, Defendant cannot succeed on his ineffective assistance of counsel claim. The third assignment of error is overruled. The judgment of the trial

court will be affirmed.


FROELICH, J., And HALL, J., concur.



Copies mailed to:

Timothy J. Cole, Esq.
Scott N. Blauvelt, Esq.
Hon. Mary K. Huffman