**[Cite as *State v. Burnett*, 2014-Ohio-4246.]**

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### CLARK   COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

FATE BURNETT, II

      Defendant-Appellant

Appellate Case No. 2013-CA-98

Trial Court Case Nos.   12-CR-807

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .
# O P I N I O N
Rendered on the 26th day of September, 2014.
. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. #0091678, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

JENNIFER S. GETTY, Atty. Reg. #0074317, Getty Law Office, L.L.C., 46 East Franklin Street, Centerville, Ohio 45459
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}     Defendant-appellant Fate Burnett, II, appeals from his conviction and sentence, following a negotiated guilty plea, on one count of Operating a Vehicle While Intoxicated, in violation of R.C. 4511.19(A)(1)(a), having previously been convicted of an OVI felony violation,

a felony of the third degree, and two counts of Trafficking in Marijuana, in an amount equal to or greater than 20 grams, but less than 200 grams, in violation of R.C. 2925.03(A)(1), felonies of the fifth degree. The trial court sentenced Burnett to four years in prison for OVI, and to one year in prison for each of the trafficking in marijuana offenses, all to be served consecutively for a total sentence of six years.

{¶ 2} As the State concedes, the trial court erred by imposing a four-year sentence for the OVI offense. As a result of 2011 Ohio Laws File 29 (Am. Sub. H.B. 86), which became effective before Burnett committed the OVI offense, the maximum sentence for that offense became three years. *State v. May*, 2d Dist. Montgomery No. 25359, 2014-Ohio-1542, followed.

{¶ 3} The trial court's imposition of consecutive sentences was supported by the findings required by statute, and is not clearly and convincingly contrary to law, in view of Burnett's criminal history, which includes his commission of these offenses while under community control sanctions imposed for prior offenses, and his commission of the OVI offense while under a license suspension for a previous OVI conviction.

{¶ 4} Burnett's claim that his trial counsel was ineffective for having recommended that he refuse a proffered agreement as to the sentence is not supported in the record, which contains no reference to the alleged proposed agreement. Likewise, the record does not support Burnett's claim that his trial counsel, during the sentencing hearing, prevented him from addressing the court and correcting a mistake in the pre-sentence investigation report.

{¶ 5} The record does not support Burnett's claim that the trial court relied upon incorrect information in the pre-sentence investigation report. Although the report's references to a juvenile burglary delinquency adjudication are confusing, a reasonable construction thereof

supports the trial court's conclusion that Burnett was adjudicated delinquent for having committed an act that, if committed by an adult, would constitute burglary.

{¶ 6}    The four-year sentence for OVI is Reversed, the judgment of the trial court is Affirmed in all other respects, and the cause is Remanded for re-sentencing on the OVI offense.

## I.    The Course of Proceedings

{¶ 7}    In Case No. 2012 CR 807, Burnett was charged by indictment with two counts of Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs, one count in violation of R.C. 4511.19(A)(1)(a), and the other in violation of R.C. 4511.19(A)(2)(b).   Both counts alleged that Burnett had previously been convicted of a felony OVI, making both charged offenses felonies of the third degree.

{¶ 8}    In Case No. 2012 CR 689, Burnett was charged by indictment with: Count One - Trafficking in Morphine, in an amount less than bulk, in violation of R.C. 2925.03(A)(1); Count Two - Trafficking in Marihuana, in an amount equaling or exceeding 20 grams, but less than 200 grams, in violation of R.C. 2925.03(A)(1); Count Three - Trafficking in Marihuana, in an amount equaling or exceeding 20 grams, but less than 200 grams, in violation of R.C. 2925.03(A)(1); Count Four - Trafficking in Drugs (oxycodone), in an amount less than bulk, in violation of R.C. 2925.03(A)(1); and Count 5 - Trafficking in Drugs (dihydrocodinone), in an amount less than bulk, in violation of R.C. 2925.03(A)(1).

{¶ 9}    In a plea bargain, Burnett pled guilty to one count of OVI, a third-degree felony, and to two counts of Trafficking in Marihuana, both felonies of the fifth degree.   All of the remaining counts in both cases were dismissed.   The State agreed to remain silent on the issue of

sentencing. (In its brief, the State contends that it only agreed to remain silent at the sentencing on the OVI offense, but at the sentencing hearing, when invited to address the court on the issue of sentencing for the trafficking offenses, the prosecutor indicated that his notes reflected that the State had agreed to remain silent on the sentencing for those offenses, as well, and had nothing to say.)

{¶ 10}  Burnett was sentenced to four years in prison for the OVI offense, and to one year in prison for each of the trafficking offenses, with all sentences to be served consecutively to one another, and also to a six-month prison term imposed for the violation (as a result of Burnett's criminal conduct in these two cases) of community control sanctions imposed in another case.

{¶ 11}  From his sentence, Burnett appeals.


**II.  The Trial Court's Four-Year Prison Sentence for OVI Exceeded**

**the Maximum Prison Term Prescribed for that Offense**

{¶ 12}  Burnett's First Assignment of Error is as follows:

THE TRIAL COURT ERRED IN SENTENCING MR. BURNETT TO A TERM OF IMPRISONMENT THAN [sic] WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW IN CASE NO. 12 CR 807.

{¶ 13}  Burnett contends that as a result of 2011 Ohio Laws File 29 (Am. Sub. H.B. 86), which became effective on September 30, 2011, before Burnett committed the OVI offense in 2012, the maximum sentence for that offense became three years.  He cites *State v. May*, *supra*, in support of that proposition.   The State agrees, and concedes error in this regard.

{¶ 14}  We also agree that under R.C. 2929.14(A)(3)(b), as amended by Am. Sub. H.B.

86, the possible prison terms for Burnett's third-degree felony OVI offense are: 9, 12, 18, 24, 30, or 36 months. Therefore, the trial court's four-year prison sentence for this offense is contrary to law.

{¶ 15} Burnett's First Assignment of Error is sustained.

**III. Other than the Error Noted in Part II, Above, the Sentence Imposed by the Trial Court Is Not Clearly and Convincingly Contrary to Law, and the Trial Court Did Not Fail to Comply with the Purposes and Principles of Sentencing**

{¶ 16} Burnett's Second Assignment of Error is as follows:

THE TRIAL COURT'S OVERALL EXCESSIVE SENTENCE ON MR. BURNETT WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND FAILED TO COMPLY WITH THE PURPOSES AND PRINCIPLES OF SENTENCING.

{¶ 17} The trial court made the findings required by R.C. 2929.14(C)(4) for the imposition of consecutive sentences. In support of this assignment of error, Burnett contends that those findings are not supported by the record.

{¶ 18} The trial court made the following findings:

The Defendant has a burglary adjudication as a juvenile, four prior OVI offenses as an adult, possession of cocaine as an adult, unauthorized use of property as an adult, and the trafficking in marijuana offenses in this case were committed while the Defendant was on community control for OVI, a felony of the fourth degree, out of case number 11 CR 417. The OVI offense committed here was committed while the Defendant was on community control for

OVI, a felony of the fourth degree, in 11 CR 417. And while the Defendant was on community control for possession of cocaine, a felony of the fifth degree, in case number 12 CR 147. The OVI offense here was committed while the Defendant was under a driver's license suspension for his previous OVI offense.

The Court finds that consecutive sentences are necessary in this case to protect the public from future crime and to punish the Defendant. And that consecutive sentences are not disproportionate to the seriousness of his conduct and to the danger he posed to the public. And that the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the Defendant.

{¶ 19} The pre-sentence investigation report reflects three prior OVI convictions, not four, but otherwise there is evidence in the record to support these findings. As the trial court noted, when Burnett committed the most serious offense in this case – the third-degree felony OVI offense – he not only had committed three previous OVI offenses, and was not only still on community control sanctions as a result of the latest of those offenses, but he was actually under a driver's license suspension for the latest OVI offense. Yet he found himself unable to avoid once again driving a motor vehicle while under the influence of alcohol.

{¶ 20} Burnett argues that "[h]e did not cause harm or damage to persons or property." That is indeed fortunate. But if Burnett continues to drive while under the influence of alcohol, despite the sanctions previously imposed upon him for doing so, sooner or later his luck in this regard, and, more importantly, the luck of the members of the public he encounters, is going to run out.

{¶ 21} Burnett also points out that he has not previously been sent to prison. That may be. But the pre-sentence investigation report indicates that Burnett has been incarcerated in jail,

for periods of time of a month or more, on four previous occasions, and community control sanctions have not worked to rehabilitate Burnett, since he committed all of the offenses involved in this appeal while he was on community control sanctions.

{¶ 22} We conclude that the record supports the trial court's R.C. 2929.14(C)(4) findings. The trial court also stated that it had considered both the purposes and principles of sentencing set forth in R.C. 2929.11, and the seriousness and recidivism factors set forth in R.C. 2929.12. We have found nothing in the record to suggest otherwise.

{¶ 23} Burnett's Second Assignment of Error is overruled.


**IV.   The Record Does Not Support Burnett's Claim**

**of Ineffective Assistance of Trial Counsel**

{¶ 24} Burnett's Third Assignment of Error is as follows:

FATE BURNETT WAS DENIED HIS CONSTITUTIONAL RIGHTS TO

EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

{¶ 25} Burnett first argues that his trial counsel was ineffective for having advised him to turn down an offer of an agreed sentence involving less than half of the prison term actually imposed. This argument finds no support in the record. We find nothing in the transcript of the plea hearing, or elsewhere in the record, to suggest either that Burnett was offered a plea bargain involving an agreed sentence, or that his trial counsel advised him to turn down an offer involving an agreed sentence.

{¶ 26} Burnett also argues that he tried to raise an issue concerning an error in the pre-sentence investigation report, but "his counsel did not permit him to speak." Again, we find

nothing in the transcript of the sentencing hearing to support this argument. In that connection, Burnett also argues that he "advised his attorney that his PSI, showing felony adjudications as a juvenile, were actually dismissed as the case had been transferred to be tried as an adult and pled down to a misdemeanor." There is nothing in the record to reflect that Burnett so advised his attorney.

{¶ 27} Burnett's Third Assignment of Error is overruled.

**V. The Record Does Not Support Burnett's Claim that the Trial Court Relied Upon Inaccurate Information in the Pre-Sentence Investigation Report**

{¶ 28} Burnett's Fourth Assignment of Error is as follows:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN RELYING ON INACCURATE INFORMATION REGARDING MR. BURNETT'S CRIMINAL HISTORY FOR PURPOSES OF SENTENCING.

{¶ 29} The pre-sentence investigation report contains a two-page facsimile transmission headed: "JUVENILE PRIORS." One item therein refers to "Offense" 2911.12 "BURGLARY," filed January 4, 1999 (when Burnett would have been 17 years old), adjudicated January 18, 1999, with a disposition date of February 17, 1999. This item concludes: "YOUTH IS COMMITTED TO DYS FOR 6 MTHS, SUSPENDED; PROBATION FOR 90 DAYS; LT $50 PLUS COURT COSTS; SIGN WAGE WITHHOLDING ORDER."

{¶ 30} The pre-sentence investigation report also includes various items under "PRIOR RECORD: Adult: Yes." One of these shows a date of "2/17/99," the offense of "Burglery [sic]," and the disposition: "6 MOS confinement (susp.), 90 days probation, $158.00 fine & Cost."

**{¶ 31}** At the sentencing hearing, in reciting Burnett's criminal history, the trial court said: "The Defendant has a burglary adjudication as a juvenile," and then recited Burnett's adult convictions, none of which was for burglary. Burnett argues that the juvenile burglary delinquency case was actually transferred to adult court, where it was bargained down to a misdemeanor. But there is nothing in this record to support that argument. Burnett contends that at a sentencing hearing in another, prior case, "[t]he juvenile case inaccuracies were addressed and acknowledged to be inaccurate," but the transcript of that sentencing hearing is not in the record of this appeal.[1]

**{¶ 32}** The trial court evidently concluded that Burnett had been adjudicated, in 1999, delinquent by reason of an act that, if committed by an adult, would constitute Burglary, and was committed to the Department of Youth Services for six months, suspended for ninety days. The pre-sentence investigation report, while confusing, supports that conclusion.

**{¶ 33}** Burnett's Fourth Assignment of Error is overruled.

## VI. Conclusion

**{¶ 34}** Burnett's First Assignment of Error having been sustained, and his other assignments of error having been overruled, his sentence for Operating a Vehicle While Under the Influence is Reversed; the judgment of the trial court is Affirmed in all other respects; and this cause is Remanded for re-sentencing, in accordance with this opinion.

---

[1] Since Burnett did not ask the trial court to take judicial notice of the record in that prior case, it was not before the trial court, and would not, therefore, properly be in the record of this appeal.

. . . . . . . . . . . . .

FROELICH, P.J., and HALL, J., concur.

Copies mailed to:

Ryan A. Saunders
Jennifer S. Getty
Hon. Douglas M. Rastatter