[Cite as *State v. Jones*, 2014-Ohio-5574.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                                    :
                                                 :
    *Plaintiff-Appellee*                          :        Appellate Case No. 25688
                                                 :
v.                                               :        Trial Court Case No. 2012-CR-851
                                                 :
KEVIN L. JONES                                   :        (Criminal Appeal from
                                                 :        Common Pleas Court)
    *Defendant-Appellant*                         :
                                                 :

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of December, 2014.

. . . . . . . . . .

MATHIA H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422      Attorney      for Plaintiff-Appellee

MONTE K. SNYDER, Atty. Reg. No. 005213, 6501 Germantown Road, Lot 41, Middletown, Ohio 45042
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Kevin L. Jones, appeals from his conviction and sentence in the Montgomery County Court of Common Pleas after pleading no-contest to one count of trafficking marijuana. Jones claims his no-contest plea was not made knowingly, intelligently, and voluntarily, because the trial court failed to inform him of the effect of his plea. We agree, and for the reasons outlined below, Jones's plea will be vacated, the judgment of the trial court will be reversed, and the case will be remanded for further proceedings consistent with this opinion.

{¶ 2} On April 24, 2012, Jones was indicted for one count of trafficking marijuana in violation of R.C. 2925.03(A)(2), a felony of the fifth degree. Thereafter, on January 23, 2013, Jones pled no contest as charged in the indictment and was subsequently sentenced to community control sanctions. Jones appealed from his conviction and sentence on March 21, 2013, and was appointed appellate counsel.

{¶ 3} On November 7, 2013, Jones's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We rejected the *Anders* brief on April 25, 2014, finding that there was a potential assignment of error having arguable merit concerning Jones's no-contest plea. Specifically, we found that the trial court did not inform Jones of the meaning of his no-contest plea as required by Crim.R. 11(C)(2)(b) and Crim.R. 11(B)(2). *See* Decision and Entry (April 25, 2014), Appellate Case No. 25688.

{¶ 4} Following the rejection of his *Anders* brief, Jones was appointed new appellate counsel who, on August 5, 2014, filed a subsequent appellate brief on Jones's behalf. The sole assignment of error in that brief is as follows:

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN

NOT ORALLY AND PERSONALLY EXPLAINING THE MEANING AND EFFECT OF A NO[-]CONTEST PLEA UNDER CRIMINAL RULE 11(B)(2) AS REQUIRED BY CRIMINAL RULE 11(C)(2)(b).

{¶ 5} In his single assignment of error, Jones contends his no-contest plea should be vacated because it was not knowingly, intelligently, and voluntarily made. Specifically, Jones claims the trial court erred in failing to advise him of the effect of pleading no contest before accepting his plea as required by Crim.R. 11(C)(2)(b) and Crim.R. 11(B)(2). Under the facts and circumstances of this case, we agree.

{¶ 6} "An appellate court must determine whether the record affirmatively demonstrates that a defendant's plea was knowing, intelligent, and voluntary[.]" *State v. Russell*, 2d Dist. Montgomery No. 25132, 2012-Ohio-6051, ¶ 7, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). If a defendant's plea is not knowing, intelligent, and voluntary, it "has been obtained in violation of due process and is void." *Id*. "In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim. R. 11(C)." *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 13.

{¶ 7} "Pursuant to Crim.R. 11[C], felony defendants are entitled to be informed of various constitutional and nonconstitutional rights, prior to entering a plea." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 6. Among the nonconstitutional rights, Crim.R. 11(C)(2)(b) requires the trial court to inform the defendant of the effect of his guilty or no-contest plea and to determine whether he understands that effect. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 12; *Griggs* at ¶10-12. "[A] court may not accept a no contest plea without first determining that the defendant understands the effect of the plea." *State v. Evans*, 2d Dist. Montgomery No. 21669, 2007-Ohio-6587, ¶ 9, citing Crim.R. 11(C)(2)(b).

{¶ 8} To satisfy the effect-of-plea requirement under Crim.R. 11(C)(2)(b), a trial court must inform the defendant, either orally or in writing, of the appropriate language in Crim.R. 11(B). *Jones* at ¶ 25 and ¶ 51. "[F]or a no contest plea, a defendant must be informed that the plea of no contest is not an admission of guilt but is an admission of the truth of the facts alleged in the complaint, and that the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." *Id*. at ¶ 23, citing Crim. R. 11(B)(2). (Other citation omitted.)

{¶ 9} Because the right to be informed of the effect of a no contest plea is nonconstitutional, it is subject to review under a standard of substantial compliance. *Griggs* at ¶ 12, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Under the substantial-compliance standard, we review the totality of circumstances surrounding the plea and determine whether the defendant subjectively understood the effect of his plea. *Id*.

{¶ 10} Generally, the "failure to comply with nonconstitutional rights [such as the information in Crim.R. 11(B)(2)] will not invalidate a plea unless the defendant thereby suffered prejudice." (Citation omitted.) *Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51 at ¶ 12. "The test for prejudice is 'whether the plea would have otherwise been made.' " *Id*., quoting *Nero* at 108. However, in *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, the Supreme Court of Ohio further explained that:

> When the trial judge does not *substantially* comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. * *

* If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated. * * * "A complete failure to comply with the rule does not implicate an analysis of prejudice."

(Emphasis sic.) *Clark* at ¶ 32, quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

{¶ 11} Therefore, if the trial court completely fails to comply with the effect-of-plea requirement in Crim.R. 11(C)(2)(b), prejudice does not need to be demonstrated. A complete failure occurs when the record is devoid of any explanation of the no-contest plea. *See E. Cleveland v. Zapo*, 8th Dist. Cuyahoga No. 96718, 2011-Ohio-6757, ¶ 10 (finding the trial court completely failed to comply with the effect-of-plea requirement because the record was devoid of any explanation of the no-contest plea thus rendering the prejudice analysis unnecessary); *State v. Ramey*, 7th Dist. Mahoning No. 13 MA 64, 2014-Ohio-2345, ¶ 16 (stating that a complete failure to comply with the effect-of-plea requirement is akin to the trial court merely asking the defendant what his plea was and not attempting to inform the defendant of the effect of the plea). *Compare State v. Durkin,* 7th Dist. Mahoning No. 13 MA 36, 2014-Ohio-2247, ¶ 18 (finding there was not a complete failure to comply with the effect-of-plea requirement, but only a partial failure because the trial court attempted to advise defendant of the effect of the no-contest plea).

{¶ 12} In this case, the record establishes the trial court completely failed to comply with the effect-of-plea requirement in Crim.R. 11(C)(2)(b). At no point during the sentencing hearing did the trial court inform or attempt to inform Jones of the language from Crim.R. 11(B)(2), i.e., that a plea of no contest is not an admission of guilt, but an admission of the facts alleged in the complaint, and that the plea shall not be used against him in any subsequent civil or criminal

proceeding.

{¶ 13} The plea form read and signed by Jones at the plea hearing also did not contain the language from Crim. R. 11(B)(2). While the plea form stated: "The Court also informed me and I understand the effect of my plea(s)* * *," nothing in the record supports this statement, as the record fails to establish the trial court actually informed Jones of the effect of his no-contest plea.

{¶ 14} The State concedes the trial court did not inform Jones of the effect of his no-contest plea, but nevertheless claims the record indicates Jones subjectively understood said effect. According to the State, there was subjective understanding because the trial court explained the maximum potential sentence Jones could receive and otherwise explained the rights he was waiving upon entering his plea. We disagree with this contention, as the Supreme Court of Ohio has held that the effect-of-plea requirement cannot be met simply by informing the defendant of the maximum sentence and the right to a jury trial. *See Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677 at ¶ 22. Rather, the Supreme Court specifically stated that "a statement about the effect of a plea is separate from statements relating to a maximum penalty and the right to jury trial." *Id*.

{¶ 15} Given that the trial court completely failed to inform Jones of the effect of his no contest plea as required by Crim.R. 11(C)(2)(b) and Crim.R. 11(B)(2), a prejudice analysis is unnecessary and said failure renders his plea invalid. Therefore, Jones's sole assignment of error is sustained. Having sustained his assignment of error, Jones's plea is vacated, the judgment of the trial court is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Michele D. Phipps
Monte K. Snyder
Hon. Barbara P. Gorman