[Cite as *State v. Nawman*, 2015-Ohio-447.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2014 CA 6 |
| | : | |
| v. | : | T.C. NO.  13CR677 |
| | : | |
| BRANDON NAWMAN | : | (Criminal appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___6th__ day of _____February_____, 2015.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty, Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

MARIA L. RABOLD, Atty. Reg. No. 0089080, 443 E. Central Avenue, Miamisburg, Ohio 45342
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Brandon Nawman appeals his conviction and sentence for one count of having weapons while under disability, in violation of R.C. 2923.13(A)(2), a felony of the third degree.   Nawman filed a timely notice of appeal with this Court on January 8, 2014.

{¶ 2} On September 30, 2013, Nawman was indicted for one count of burglary, in violation of 2911.12(A)(3), a felony of the third degree, and one count of having a weapon while under disability, in violation of 2923.13(A)(2), a felony of the third degree. The burglary count was accompanied by a firearm specification. In exchange for the dismissal of the burglary count, Nawman pled guilty to one count of having a weapon while under disability. The trial court ordered that a pre-sentence investigation report (PSI) be prepared and scheduled a date for sentencing.

{¶ 3} The trial court subsequently sentenced Nawman to the maximum sentence of three years in prison, with three years of optional post-release control. The trial court ordered the sentence in the instant case to be served consecutively to a four-year sentence Nawman was serving for offenses committed in Clinton County, Ohio, for an aggregate sentence of seven years in prison.

{¶ 4} It is from this sentence that Nawman now appeals.

{¶ 5} Nawman's first assignment of error is as follows:

{¶ 6} "THE TRIAL COURT'S IMPOSITION OF A MAXIMUM THREE YEAR SENTENCE FOR A THIRD DEGREE FELONY IS INCONSISTENT WITH THE PURPOSES AND PRINCIPLES OF SENTENCING AND IS CONTRARY TO LAW."

{¶ 7} In his first assignment, Nawman contends that the trial court erred when it sentenced him to the maximum term of three years in prison after he was convicted of having a weapon while under disability.

{¶ 8} We note that pursuant to R.C. 2923.13(A)(2), having a weapon while under disability is a felony of the third degree. Pursuant to R.C. 2929.14(A)(3)(b), the basic prison term for a felony of the third degree *shall* be nine, twelve, eighteen, twenty-four,

thirty, or thirty-six months (three years).

{¶ 9} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A).

{¶ 10} "[I]n *State v. Barker,* Montgomery App. No. 22779, 2009-Ohio-3511, at ¶ 36-37, we stated:

"[I]n exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, * * * 2006-Ohio-855, at ¶ 37.'" *State v. Ulrich*, 2d Dist. Montgomery No. 23737, 2011-Ohio-758, at ¶ 20-21. "[E]ven if there is no specific mention of [R.C. 2929.11 and R.C. 2929.12], 'it is presumed that the trial court gave proper consideration to those statutes.'" *State v. Hall*, 2d Dist. Clark No. 10-CA-23, 2011-Ohio-635, ¶ 51.

"'When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, * * *, 2008-Ohio-4912. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. Id.'" *Ulrich*, at ¶ 22.

*State v. Bailey*, 2d Dist. Clark No. 2011-CA-40, 2012-Ohio-1569, ¶s 12-14.

{¶ 11} "'The trial court has full discretion to impose any sentence within the

authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' *State v. Nelson*, 2d Dist. Montgomery No. 25026, 2012-Ohio-5797, ¶ 62. 'However, the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12.' *Id.*" *State v. Eicholtz*, 2d Dist. Clark No. 2012 CA 7, 2013-Ohio-302, ¶ 53.

**{¶ 12}** Pursuant to R.C. 2929.14(A)(1), Nawman's sentence, while the maximum penalty, was within the statutory range and thus, not contrary to law. Furthermore, in determining Nawman's sentence, the trial court indicated in the judgment entry of conviction that it considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. We have held, however, that "[a] trial court is not required to state that it considered R.C. 2929.11 and R.C. 2929.12. Unless the sentence is contrary to law, a trial court is presumed to have considered them." *State v. Neff*, 2d Dist. Clark No. 2012-CA-31, 2012-Ohio-6047.

**{¶ 13}** We note that Nawman's PSI established that he had a conviction for burglary dating back to 2006, as well as two recent burglary convictions in February of 2013 in Clinton County for which he received four years in prison. Accordingly, we cannot find Nawman's sentence to be contrary to law.

**{¶ 14}** Nawman's first assignment of error is overruled.

**{¶ 15}** Nawman's second assignment of error is as follows:

**{¶ 16}** "THE TRIAL COURT DID NOT ENGAGE IN THE APPROPRIATE ANALYSIS REQUIRED BY R.C. 2929.14(C) PRIOR TO ISSUING A CONSECUTIVE SENTENCE AND THE IMPOSITION OF A CONSECUTIVE SENTENCE IS NOT SUPPORTED BY THE RECORD."

{¶ 17} In his second assignment, Nawman argues that the trial court erred when it imposed consecutive sentences. Specifically, Nawman asserts that the trial court did not make the requisite findings pursuant to R.C. 2929.14(C)(4) to support the imposition of consecutive sentences.

{¶ 18} Before imposing a consecutive sentence, a trial court is required to find that: (1) "consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 19} In the instant case, the trial court specifically considered Nawman's prior criminal history before imposing consecutive sentences, namely that he had a prior burglary conviction in 2006 for which he served four years in prison. The trial court also noted that Nawman was convicted of two counts of burglary in February of 2013 in Clinton County for which he was serving a prison term of four years. Undoubtedly, Nawman's prior burglary convictions weighed heavily in the trial court's calculus in determining whether to impose consecutive sentences.

{¶ 20} Moreover, the record clearly establishes that the trial court made all of the requisite findings to support the imposition of consecutive sentences. (Tr. 9, Vol. II). When imposing consecutive sentences, the trial court stated the following:

The Court: I do find that consecutive sentences are necessary to protect the public from future crime and to punish the defendant.

That they are not disproportionate to the seriousness of the defendant's conduct and to the danger he poses to the public, and that his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant, so the sentence imposed today will be run consecutively to the sentence the defendant is presently serving out of Clinton County.

{¶ 21} The trial court also incorporated the foregoing findings into Nawman's judgment entry of conviction, which states as follows:

The Court found pursuant to Ohio Revised Code Section 2929.14(C)(4) that consecutive sentences (1) are necessary to protect the public from future crime and to punish the defendant, (2) are not

disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public, and (3) are necessary to protect the public from future crime by the defendant given the defendant's history of criminal conduct.

{¶ 22} Thus, we find that the record supports the trial court's imposition of consecutive sentences.

{¶ 23} Nawman's second assignment of error is overruled.

{¶ 24} Nawman's third and final assignment of error is as follows:

{¶ 25} "APPELLANT'S PLEA WAS NOT MADE KNOWINGLY, VOLUNTARILY OR INTELLIGENTLY BECAUSE HE WAS NOT AWARE OF THE MAXIMUM POTENTIAL PENALTY HE FACED PRIOR TO ENTERING HIS PLEA."

{¶ 26} In his final assignment, Nawman argues that he would not have entered a guilty plea if he knew that the sentence could be ordered to run consecutive to the four-year sentence he was already serving as a result of his burglary convictions in Clinton County. Because the trial court failed to notify him that he could receive consecutive sentences, Nawman asserts that his plea was not made in a knowing, voluntary, or intelligent fashion.

{¶ 27} An appellate court must determine whether the record affirmatively demonstrates that a defendant's plea was made knowingly, intelligently, and voluntarily. *State v. Russell*, 2d Dist. Montgomery No. 25132, 2012-Ohio-6051, ¶ 7. "If a defendant's guilty plea is not knowing and voluntary, it has been obtained in violation of due process and is void." *State v. Brown*, 2d Dist. Montgomery Nos. 24520 and 24705, 2012-Ohio-199, ¶ 13, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23

L.Ed.2d 274 (1969). In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C). *Brown* at ¶ 13.

{¶ 28} Crim.R. 11(C)(2) requires the court to address the defendant *personally* and (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses, and to require the State to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself. *State v. Brown*, 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

{¶ 29} The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements. *E.g.*, *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* In contrast, the trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Clark* at ¶ 31.

{¶ 30} Furthermore, when non-constitutional rights are at issue, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. Prejudice in this context means that the plea would otherwise not have been entered. *Id.* at ¶ 15.

{¶ 31} Upon review, we conclude that the trial court's failure to inform Nawman that he could receive consecutive sentences does not render his guilty plea unknowing, involuntary, or unintelligent. Crim.R. 11(C) does not require a defendant to be told that his sentences may be imposed consecutively. *State v. Bailey*, 2d Dist. Montgomery No. 19736, 2004-Ohio-273, ¶ 16, citing *State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1989). The Ohio Supreme Court has stated that "the decision of whether the criminal defendant is to serve the sentences for all his crimes consecutively or concurrently is a matter of sentencing discretion, the exercise of which is committed to the trial court." *Johnson*, at 133-134. Thus, the *Johnson* court concluded that because the decision whether to impose consecutive sentences was a matter within the trial court's discretion, it need not be addressed at a plea hearing. *Id.* at 134; see also *State v. Whitaker*, 12th Dist. Preble No. CA2012-10-013, 2013-Ohio-4434. Therefore, the trial court did not err when it failed to inform Nawman that it could impose consecutive sentences at the plea hearing on December 18, 2013.

{¶ 32} As previously stated, the trial court's failure to inform Nawman of the potential for consecutive sentences does not rise to the level of constitutional error. We also find that the trial court technically complied with Crim.R. 11(C). Nevertheless, we suggest that the preferred practice for when the potential exists for the imposition of

consecutive sentences would be for the trial court to inform the defendant of that fact before accepting a guilty plea. *Johnson*, at 135 (Brown, Justice, concurring).

{¶ 33} Lastly, Nawman argues that his plea colloquy "gave him the impression that he could receive community control despite the fact that he was already serving a prison sentence." During the Crim.R. 11 plea colloquy, the trial court correctly stated that "if" it decided not to impose a prison sentence for the offense having a weapon while under disability, it would place Nawman on community control. The trial court's statement contained no misinformation regarding community control. Technically, it was a probationable offense. Nothing in the trial court's Crim.R. 11 colloquy provides any support for Nawman's "impression" that he would receive community control. The trial court never suggested or implied that it was likely to grant community control. Accordingly, we find that the trial court substantially complied with Crim.R. 11(C) when it accepted Nawman's guilty plea to one count of having a weapon while under disability.

{¶ 34} Nawman's third and final assignment of error is overruled.

{¶ 35} All of Nawman's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Ryan A. Saunders
Maria L. Rabold
Hon. Douglas M. Rastatter