[Cite as *State v. Burnett*, 2016-Ohio-2655.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-98 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CR-807 |
| v. | : | |
| | : | (Criminal Appeal from |
| FATE BURNETT, II | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of April, 2016.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

GARY C. SCHAENGOLD, Atty. Reg. No. 0007144, 4 East Schantz Avenue, Dayton, Ohio 45409
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant, Fate Burnett, II filed an application to reopen his

appeal. We agreed to reopen the appeal on the basis that Burnett's appellate counsel was ineffective by failing to argue that Burnett's plea in Case No. 12-CR-807 was not knowingly, voluntarily and intelligently given.

{¶ 2} Burnett claims that his plea was not knowingly, voluntarily and intelligently given based on the trial court's failure to provide accurate information regarding the length of the maximum sentence possible for his conviction. This issue was not presented by counsel in the original appeal. As we discussed in his original appeal, Burnett's plea agreement was based on a representation that the court could order a maximum sentence of up to five years, when, in fact, the maximum was only three years, *State v. Burnett,* 2d Dist. Clark No. 2013-CA-98, 2014-Ohio-4246, ¶ 14. We agree that the trial court's misrepresentation of the maximum sentence Burnett could face by a conviction of the charged offense compromised Burnett's ability to make a knowing and intelligent decision whether to plead guilty in the hope of lenity, or go to trial and risk a maximum sentence. Therefore, Burnett has established that his plea was not knowing and intelligent. Consequently, the trial court's judgment of conviction and sentence in Case No. 12-CR-807 is Reversed, and this cause is Remanded.

### I. The Course of Proceedings

{¶ 3} In 2014, we affirmed Burnett's conviction in Case No. 12-CR-807 for Operating A Vehicle While Intoxicated, in violation of R.C. 4511.19(A)(1)(a). Burnett was sentenced to four years for the OVI offense. We found the court erred on the four-year sentence, and reversed for re-sentencing to comply with the statutory maximum of three years. We affirmed the judgment of the trial court in all other respects. *State v. Burnett*, 2d Dist. Clark No. 2013-CA-98, 2014-Ohio-4246, ¶ 34.

{¶ 4} We certified a conflict to the Supreme Court of Ohio between our holding that the maximum sentence for Burnett's offense is three years and the judgment in *State v. Mercier*, 10th Dist. Franklin No. 13AP-906, 2014-Ohio-2910, which held that the maximum sentence for the OVI offense is five years. The Supreme Court agreed that a conflict existed, and held the case for a decision in the appeal of *State v. South*, 9th Dist. Summit No. 26967, 2014-Ohio-374. *State v. Burnett*, 141 Ohio St.3d, 2014-Ohio-5567, 21 N.E.3d 1113. In *State v. South*, 144 Ohio St. 3d 295, 2015-Ohio-3930, 42 N.E.3d 734, the Supreme Court of Ohio held that the appropriate sentence for an offender convicted of an OVI with the repeat OVI offender specification was up to five years for the repeat offender specification and up to three years for the underlying third-degree OVI offense. *South* at ¶ 1. Since Burnett was not charged with, or convicted of, the repeat OVI offender specification, the maximum sentence for his third-degree OVI conviction was three years.

{¶ 5} Accordingly, the law in our district established in *State v. May,* 2d Dist. Montgomery No. 25359, 2014-Ohio-1542, and *State v. Burnett, 2*d Dist. Clark No. 2013-CA-98, 2014-Ohio-4246, is consistent with the holding of *South*, *supra*, that the maximum sentence allowed for a third-degree felony OVI is three years. Further, the Supreme Court of Ohio has now affirmed our earlier judgment in *Burnett. State v. Burnett,* Slip Opinion No. 2016-Ohio-127.

## II. Burnett's Plea Was Not Knowingly and Intelligently Made

{¶ 6} In the reopening of his appeal, Burnett raises the following assignment of error:

APPELLANT'S PLEA IN CASE NO. 12-CR-807 WAS NOT

KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY GIVEN

**{¶ 7}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9. Crim. R. 11 "is in place to ensure that defendants wishing to plead guilty or no contest do so knowingly, intelligently, and voluntarily." *State v. Eggers*, 2d Dist. Clark No. 2011-CA-48, 2013-Ohio-3174, ¶ 28, citing *State v. Clark,* 119 Ohio St. 3d 239, 2008-Ohio-3748, 893 N.E.2d 462. "Crim.R. 11 was adopted in 1973 to give detailed instructions to trial courts on the procedures to follow before accepting pleas of guilty or no contest." *Barker at ¶ 9,* citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7. "Crim.R. 11(C) requires a trial judge to determine whether that criminal defendant is fully informed of his or her rights and understands the consequences of his or her guilty plea." *Id.* at ¶ 10.

**{¶ 8}** Relevant to this appeal, Crim. R. 11 (C)(2) provides:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

**{¶ 9}** The Supreme Court of Ohio has held that strict or literal compliance with Crim. R.11(C)(2) is required when advising a defendant of the constitutional rights he is

waiving by entering a plea. *Barker* at ¶15. However, only substantial compliance is needed when advising a defendant of rights or statutory mandates that do not arise under the Constitution. "With respect to these non-constitutional rights, a court's 'substantial compliance' with the rule is all that is necessary." *State v. Cole*, 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, ¶ 12, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* "[B]ecause Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements." *State v. Earnest*, 2d Dist. Montgomery No. 26646, 2015-Ohio-3913, ¶ 26. "Furthermore, when non-constitutional rights are at issue, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect." *State v. Nawman*, 2d Dist. Clark No. 2014-CA-6, 2015-Ohio-447, ¶ 30 citing *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17.

**{¶ 10}** "When the trial judge does not substantially comply with Crim. R. 11 in regard to a non-constitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule." *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 21. If the trial judge partially complied, the plea may be vacated only if the defendant demonstrates a prejudicial effect. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32. Prejudice in this context means that the plea would otherwise not have been entered. *Veney* at ¶ 15.

**{¶ 11}** We have reversed convictions, finding that a plea was not knowingly and intelligently made, when the defendant was not accurately informed of a maximum

penalty. *See, e.g., State v Landgraf*, 2d Dist. Clark No. 2014 CA 12, 2014-Ohio-5448; *State v. Branham,* 2d Dist. Clark No. 2013 CA 49, 2014-Ohio-5067. *See also State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224. Although both *Landgraf* and *Branham* involved misinformation regarding the possible maximum penalty if the defendant violated the conditions of post-release control, the same principle applies that inaccurate information regarding the maximum penalty can invalidate a plea. The Supreme Court of Ohio has held that the "incorrect recitation of the law fails to meet the substantial compliance standard." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 39. "[T]he trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his or her decision and enter a valid plea." *Id*. at ¶ 26.

{¶ 12} We have also held that when the trial court completely fails to comply with one of the non-constitutional requirements of Crim. R. 11, prejudice does not need to be demonstrated. *State v. Jones*, 2d Dist. Montgomery No. 25688, 2014-Ohio-5574, ¶11. In *Jones*, we found that the trial court completely failed to comply with Crim R. 11(C)(2)(b) when it failed to verbally inform the defendant that the effect of his no contest plea was not an admission of guilt, but an admission of the facts alleged in the complaint, and that the plea shall not be used against him in any subsequent civil or criminal proceeding, even though the trial court did explain the maximum potential sentence the defendant could receive and the rights he was waiving upon entering his plea. *Id*. at ¶ 14. Similarly, we conclude that the failure to accurately inform the defendant of the consequences of his plea with regard to the maximum possible penalty for a conviction of the charged offense is a complete failure to comply with the mandate of Crim. R. 11(C)(2)(a).

{¶ 13}  In the present case, the trial court did not convey accurate information to Burnett so that he could understand the consequences of his decision to waive his constitutional rights and enter a plea. Without knowing the maximum penalty allowed for the conviction, a defendant's ability to weigh the risks of taking the case to trial and perhaps facing a maximum sentence, versus entering a plea and perhaps receiving a more lenient sentence, is compromised. If Burnett had known that he was only facing, as a worst-case scenario, a three-year sentence on an OVI conviction, he may have chosen to proceed to trial, rather than enter a plea and hope that the court would sentence him to less than a maximum sentence, based on his cooperation and genuine remorse, which are statutory factors the court must consider in sentencing. *See* R.C. 2929.12. The risks of a jury trial may not subjectively seem as daunting when the worst possible outcome is a sentence of three years imprisonment, as opposed to a possible five-year sentence. Therefore, we conclude that the trial court completely failed to comply with the requirements of Crim. R. 11. Even though prejudice need not be shown, we nonetheless conclude that Burnett was prejudiced because there is a substantial possibility that he would not have tendered a plea if he had accurate information upon which to base his decision.   The assignment of error raised in the reopening of the appeal is sustained.

### III. Conclusion

{¶ 14}  The sole assignment of error in this re-opened appeal having been sustained, our prior judgment in this appeal, issued on September 26, 2014, is vacated, as required by App. R. 26(B)(9), to the extent that it affirmed the conviction in Case No. 12-CR-807. The judgment of the trial court is reversed. Our reversal of the sentence, as

set forth in our prior judgment, and as affirmed by the Supreme Court of Ohio, making the maximum potential sentence for the OVI offense for which defendant was charged to be three years, remains the law of the case, but this cause is Remanded for the purpose of vacating the defendant-appellant's guilty plea, and conducting further proceedings consistent with this opinion.

. . . . . . . . . . . . .


FROELICH, J., and HALL, J., concur.


Copies mailed to:

Ryan A. Saunders
Gary C. Schaengold
Hon. Douglas M. Rastatter